## FITCH v. LOVELAND.

ACTION by the sheriff, upon a bail bond. The defendant pleaded — That after judgment was rendered against Ebenezer Dayton, the principal, and before the return day of the execution, Jonas Prentis, one of the plaintiff's deputies, who had said execution in his hands, to levy and collect, did see and converse with said Dayton, at his dwell-

ing-house, within the plaintiff's bailiwick; and that said Prentis was within the dwelling-house of said Dayton, having entered peaceably through the outer door thereof, which was open, while said Dayton was in an inner room of said house, separated from said Prentis only by a common pine door, which was no otherwise locked or fastened than by a small staple or latch of iron, fastening on the inside:    That said Dayton was within said inner room, wholly unarmed with any instrument or weapon of defense, except a small walking stick or cane, of about three feet in length, and one and half inch in circumference; and that said Prentis well knew the same, and whereabout in said house said Dayton was; but did not attempt to take him.— And at the same time Messrs. Augur and Chandler, two other of the plaintiff's deputies, were present, and within said Dayton's house, though neither the said Prentis, Augur, or Chandler, requested admittance into the room where said Dayton was; nor did they make any effort to open the door leading into said apartment, or otherways attempt to arrest the body of said Dayton; which it was in the power of said Prentis to have done.

The plaintiff replied — setting forth a variety of circumstances, tending to show the impracticability of entering the room and arresting Dayton, and the danger of attempting it; and concluded by traversing the allegation of the defendant, " that it was in the power of said Prentis to have arrested the body of said Dayton."

On demurrer to the replication, two grounds of defense were taken:—

1. That the plea contained sufficient matter to exonerate the bail, notwithstanding what was set forth in the replication.

2. That the declaration was insufficient; for that it appeared by the return of the execution set forth, that it was made within seven days after the execution issued; and that the bail could not be subjected, unless the officer had kept the execution till the return day, and made further search for the body of the debtor.

But, on both points, judgment was for the plaintiff.

By the COURT. The statute subjects the bail, in case of the principal's avoidance, and a return of *non est inventus* on the execution; both which appears to have been done in this case.— But the defendant undertakes to falsify the return, alleging in his plea, that Jonas Prentis, the plaintiff's deputy, who made the return, having the execution in his hands to levy, while it was in force, entered the dwelling-house of Ebenezer Dayton, the debtor, who had shut himself up in an inner room in said house, and the said Prentis, knowing that he was there, neglected to enter said inner room, and arrest his body, by virtue of said execution; and that it was in his power to have taken the body of said Dayton, etc.

The replication concludes with a traverse — " That it was in the officer's power to have taken the body of said Dayton;" which the defendant ought to have accepted, and put the fact to the jury, whether, under all the circumstances, it was in the power of said Prentis to have arrested the body of said Dayton; for the court cannot infer the fact from the matters set forth in the pleadings.— A demand, and refusal to deliver the plaintiff's property, by the defendant, may be evidence to a jury of a conversion; but it would not be a sufficient averment of a conversion in a declaration. So evidence that a bond for money has lain more than twenty

years, without any demand of the money due, or payment of interest, may be sufficient for a jury to find full payment; but such an averment in a plea would not be sufficient to bar the action.— Therefore, on this point, the law is in favor of the plaintiff.

It has never been adjudged, in any case in this state, within our knowledge, whether it be lawful or not, for an officer to break open either the outer or inner door of a dwelling-house, to arrest a person on an execution for debt, or on any civil process; nor do we know of any instance where it has been done by a sheriff or other officer:    And we do not see any good or weighty reason for the distinction made in England between the breaking an outer door, or inner door, for that purpose; — but that point need not be determined in this case.    See Hobart, 62.

But the defendant hath taken an exception to the plaintiff's declaration — that it shows that the said Prentis returned the execution on the seventh day after the date, whereas he ought to have held it till the expiration of the sixty days, and have used further endeavors to have taken Dayton, in exoneration of the defendant.— It appears by the declaration, that Prentis made an indorsement on the execution, of his repairing to Dayton's dwelling-house, in Derby, to make demand of payment; which indorsement is dated the 21st day of March, 1786, which was seven days after the date of the execution:    But it cannot be inferred from hence, that he returned the execution into the office of the clerk of the court the same day; nor has the averment of the return of the execution any necessary connection with the time of the indorsement; but he says, "he duly returned it, etc. as by the files and records of said City Court, ready in court to be produced, fully appears."    And

the plaintiff says in his replication, that he returned it into the clerk's office on the sixtieth day after it was issued; which, if not true, might have been disproved by the entry of the clerk, of the time of the return.    But if it had been returned before the return day, the defendant could not take advantage of it, unless he shows that he was prejudiced by it, which he hath not; — and so it has been adjudged in several cases.— He was bound by his obligation to have the debtor in court, when called to answer to the suit, or on rendering the final judgment; and the defendant's default of appearance is, at common law, a forfeiture of the bond. But in favor of the bail, the statute makes it necessary that execution be taken out and returned *non est inventus*, before the bail shall be charged; and when it appears that there has not been reasonable endeavors on the part of the creditor or officer, to levy the execution on the estate or person of the debtor, but rather an intention and endeavor to avoid doing it, in order to charge the bail; or if the bail render the body of the debtor, or he render himself to the officer, to be taken by the execution, at any time before the return day, the bail ought to be exonerated.

But if the officer is prevented from taking the debtor, by the debtor's avoidance, or resistance, so that he cannot be arrested, without manifest peril and danger to the officer of his life, or some bodily hurt, and he thereupon returns the execution, with *non est inventus* indorsed, the bail, who is sponsor for the debtor, ought to be liable to satisfy the judgment; for it was as much his duty to render the body, as the officer's to take it.    But if the principal be arrested by virtue of the execution, and afterwards by force rescues him-

Fitch v. Loveland.

self, and escapes, or is rescued by others, the officer cannot excuse himself from the demand of the creditor, by returning a *rescous*, or that he cannot do execution, because he had power to have taken sufficient assistance; but the bail will be exonerated.

ELLSWORTH, J., dissenting.   In this case I have the unhappiness to differ in opinion from my brethren:—

By statute, bail is holden to respond the judgment only in case of the "avoidance of the principal, and a return of *non est inventus.*"— Merely the return is not sufficient. There must be an avoidance in fact to justify it.— If the principal is to be found within the bailiwick, and under circumstances that he may be lawfully arrested, there is not that avoidance that will justify a return of *non est inventus ;* and if such return be made, the bail, upon a *scire facias*, may falsify it.— The plaintiff in this case, cannot take advantage of his own or his deputy's false return, if such has been made, to subject the bail, and exonerate himself.

From the pleadings, it appears — That the plaintiff's deputy, while the execution was in his hands, and in force, was peaceably admitted into the debtor's dwelling-house, where he then was, shut up in a private room, which the officer then knew, and conversed with him; and there was nothing in his way, to hinder the levy, but an inner door, and the debtor's threats, who had a stick in his hands, the size of a walking-cane. — After admitting these facts a traverse, "that it was in the officer's power to arrest the debtor," was, I apprehend, but traversing a legal inference, or question of law, and required no answer.

As to the threats, they could not excuse the officer's neg-
lect to levy:    He was accompanied with two sheriff's
deputies, and might, if necessary, have called the *posse
comitatus*.— The sheriff may not return, that through fear,
or want of strength, he cannot do execution.

With respect to the inner door — I think it was clearly
the duty of the officer, after informing of his business, and
demanding entrance, to have forced it open.— The statute
of this state, subjecting the body in execution, as a mean
of enforcing payment, privileges no place; it provides no
asylum from a legal process; nor does sound policy at present
seem to require any.— It is, indeed, an ancient doctrine
of the English common law, that for the execution of a civil
process, an outer door, or window, is not to be broke open;
because of the danger and inconvenience that would result
to the family, from being left open to thieves and robbers;
which politically was considered a greater evil than post-
poning the process.    Privileging the debtor who absconds
from justice, in avoidance of a legal process, was not the
object of the rule, though it has been a consequence of it.—
This privilege, as it is called, introduced at first upon doubt-
ful ground, and with some difference of opinion among the
judges, has ever been construed with strictness and caution.
— There is not a *dictum* in the English authorities of its
extending to an inner door, but many resolutions, and one
recently, the very strong case of Lee and Gansel, Cowp. 1,
that it does not; — and I trust there has been no resolution
of our own extending it farther than the common law of
England has done.— I conceive, therefore, that the inner
door was no legal obstacle in the officer's way, but that, hav-

ing peaceably entered the house, he might and ought to have arrested the principal; and consequently, that the bail is not holden.— Bail is highly favored in law, and I think the statutes for their saving should be liberally expounded.